IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TRACY L. JACKSON**                                                    **PLAINTIFF**

**VERSUS**                                                       **CAUSE NO.** 3:21cv205-MPM-RP

**DESOTO COUNTY, MISSISSIPPI,**
**and BENNIE HOPKINS, in His Individual Capacity**              **DEFENDANTS**

                                                                           **JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual damages for sex discrimination, sex harassment, and retaliation for reporting sex harassment against Desoto County, Mississippi, and to recover actual and punitive damages against the individual Defendant, Bennie Hopkins, for malicious interference with employment and intentional/malicious infliction of emotional distress. The following facts support this action:

1.

Plaintiff TRACY L. JACKSON is an adult resident citizen of 568 Thunderbird Drive North, Hernando, Mississippi 38632.

2.

Defendant DESOTO COUNTY, MISSISSIPPI is a political subdivision of the State of Mississippi. Defendant County may be served with process upon its Chancery Clerk, Misty Heffner, 2535 US-51, Hernando, Mississippi 38632. Defendant County is an employer within the meaning of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

Defendant BENNIE HOPKINS is an adult resident citizen of Mississippi. Defendant Hopkins may be served with process at his place of employment, Desoto County, Mississippi, 2535 US-51, Hernando, Mississippi 38632.

3.

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and civil rights jurisdiction pursuant to 28 U.S.C. § 1343, for a cause of action arising under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. The Court has supplemental jurisdiction over the individual Defendant for state law violations.

4.

Plaintiff has filed an EEOC charge, attached hereto as Exhibit "A," and received a notice of right to sue, attached hereto as Exhibit "B."

5.

In March 2017, Plaintiff was hired by Desoto County as the Office Manager in the Building and Planning Department. Plaintiff's immediate supervisor was Defendant Bennie Hopkins, the Planning Director.

6.

Shortly after Plaintiff was hired, Defendant Hopkins started expressing a sexual interest in her. The comments started off innocuously, with statements about how good she looked. Over time, Defendant Hopkins became more aggressive. The comments were unwanted and interfered with Plaintiff's ability to perform her job. Defendant Hopkins asked Plaintiff to stay after work for sex on at least two (2) occasions. Defendant Hopkins stated that he wanted to be in the chair Plaintiff was sitting in. Defendant Hopkins told Plaintiff how fine she was in her tight pants and how much

he wanted to get in them. Defendant Hopkins nicknamed Plaintiff's boyfriend "LB" for "lucky bastard." Defendant Hopkins asked if he could show Plaintiff his penis because he would like to get her opinion of it.

7.

On or about August 27, 2020, Plaintiff reported the sexual harassment to an investigator at the Sheriff's Office. Plaintiff also told him about another employee who had been so severely harassed by Defendant Hopkins that she quit her job. Plaintiff gave the officer a sworn statement. The events that occurred after she reported the sexual harassment to the investigator confirmed Plaintiff's fears.

8.

However, apparently the investigator reported Plaintiff's complaint of sexual harassment to Human Resources, because on September 1, 2020, she was contacted by HR. Plaintiff told her story to HR as well, and was assured HR would investigate her claims.

9.

On September 14, 2020, HR told Plaintiff that it would report to the Board that her claims of sexual harassment could not be substantiated. Plaintiff was devastated. A couple of days later, Plaintiff had a nervous breakdown and was treated at Parkwood Hospital. Shortly thereafter, Plaintiff filed for FMLA leave.

10.

On September 30, 2020, Plaintiff requested a transfer to another department because she could no longer work for Defendant Hopkins.

11.

On October 13, 2020, Plaintiff received a certified letter from HR which accused her of disrupting the work environment and violating County Policy 21.404.11, by having a conversation with another employee about the sexual harassment she was subjected to from Defendant Hopkins. Plaintiff was issued a written reprimand.

12.

On November 9, 2020, Plaintiff again requested a transfer. Again, HR refused it.

13.

Because Defendant County would not transfer her, Plaintiff had no choice but to file for PERS disability retirement. When Plaintiff met with HR to do so, she was informed that the Board had decided to give her another ninety (90) days to decide to return to work with no pay and no benefits. HR asked Plaintiff to resign, but she refused. Thereafter, Plaintiff was terminated.

14.

Defendant DeSoto County is liable to Plaintiff for: (a) sex discrimination; (b) sexual harassment; and (c) retaliation for reporting sex harassment.

Defendant Bennie Hopkins is liable to Plaintiff for: (a) malicious interference with employment; and (b) intentional/malicious infliction of emotional distress.

15.

Plaintiff has suffered mental anxiety, stress, and lost income as a result of Defendants' actions.

## REQUEST FOR RELIEF

Plaintiff requests actual damages from Defendant Desoto County, Mississippi, and actual and punitive damages from Defendant Bennie Hopkins, in an amount to be determined by a jury, plus reinstatement, and reasonable attorneys' fees, costs, and expenses.

RESPECTFULLY SUBMITTED, this the 17th day of September, 2021.

                                           TRACY L. JACKSON, Plaintiff

By:   */s/ JIM WAIDE*
        Jim Waide, MS Bar No. 6857
        Ron Woodruff MS Bar No. 100391
        waide@waidelaw.com
        WAIDE & ASSOCIATES, P.A.
        332 North Spring Street
        Tupelo, MS 38804-3955
        Post Office Box 1357
        Tupelo, MS 38802-1357
        (662) 842-7324 / Telephone
        (662) 842-8056 / Facsimile

        ATTORNEY FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF Bolivar

    PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named TRACY L. JACKSON, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

_____
TRACY L. JACKSON

    GIVEN under my hand and official seal of office on this the 17th day of September, 2021.

(SEAL)

_____
NOTARY PUBLIC

My Commission Expires: October 8, 2022